UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ALEX DAVID TONY SCOTT,

Plaintiff,

v.

SCOTT ANDERS ELIASON, M.D.,

Defendant.

Case No. 1:22-cv-00227-BLW

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE**

Plaintiff Alex Davis Tony Scott is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 7.

Plaintiff has now filed an Amended Complaint. Dkt. 8. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial Complaint. Therefore, the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

## 1. Screening Requirement and Pleading Standards

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint, or any portion thereof, that states a frivolous or malicious

claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**2.     Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff has offered a few more details in the Amended Complaint, but he still has not stated a plausible § 1983 claim. Plaintiff complains that Defendant tries to offer unwanted medical treatment and force him to take medication. However, as Plaintiff's attached grievance forms indicate, prison medical providers have consistently informed Plaintiff that, although he has a right to refuse any treatment, they still must schedule him for appointments and offer him treatment—indeed, it is their legal obligation to do so. *See generally Am. Compl*. at ECF p. 6–10. Providers have also informed Plaintiff that the form he signs to refuse medical treatment is good only for a single appointment. *Id*. Thus, all Plaintiff has to do to avoid medical treatment is to sign one of these forms at each appointment. Therefore, his Eighth Amendment claims are implausible.

Plaintiff's First Amendment claims are also implausible. As the Court previously explained, Defendant's alleged disparaging remarks about Plaintiff's religion do not plausibly constitute a substantial burden on Plaintiff's religious exercise. *See* Dkt. 7 at 13–15; *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989).

For the foregoing reasons, the Amended Complaint is subject to dismissal.

**3.     Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motions to Review the Amended Complaint (Dkts. 8 and 13) are GRANTED.

2. Plaintiff's Motion to Direct Defendants to Answer (Dkt. 11) is DENIED.

3. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial

Review Order (Dkt. 7), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

4. Alternatively, this case is dismissed for failure to comply with District of Idaho General Order 342, which, among other things, limits pro se prisoner complaints to 20 pages and prohibits exhibits that do not relate to exhaustion of administrative grievances.

DATED: January 18, 2023

B. Lynn Winmill
U.S. District Court Judge